IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNIFIED CONTAINER, LLC, and ANDERSON DAIRY, INC.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MAZUMA CAPITAL CORP., and REPUBLIC BANK, INC.,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10CV723DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Republic Bank's Motion to Dismiss Count 7 of Amended Complaint for Failing to Comply with Rule (b) and Defendant Republic Bank's Motion for Rule 11 Sanctions Against Plaintiff and Parsons, Behle & Latimer. The court held a hearing on the motions on February 29, 2012. At the hearing, Plaintiffs were represented by David R. Hall, Paul D. Veasy, and Brandon J. Mark, and Defendant Republic Bank was represented by Richard F. Ensor and Michael Barnhall. After hearing argument, the court took the matter under advisement. The court has considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

BACKGROUND

**I. Procedural History**

Unified Container filed the original Complaint in this matter in Nevada state court on April 7, 2010.  Defendants removed the case to federal court in Nevada.  Defendants then moved to have the case transferred to Utah.  In July 2010, the Nevada District Court transferred the case to the District of Utah.

In the fall of 2010, Defendants then filed answers, counterclaims, and third-party claims.  After Unified Container and Anderson Dairy responded, Defendants filed motions for summary judgment in December 2010.  Plaintiffs filed oppositions to the motions for summary judgment and Defendants unilaterally and voluntarily withdrew their summary judgment motions.

In February 2011, Plaintiffs moved to amend their Complaint to add claims for fraud and civil conspiracy against both Defendants based on the contents of a written assignment agreement between Defendants that Defendants had attached to their motions for summary judgment.  Neither Defendant opposed the motion to amend.  This court, therefore, granted Plaintiff's motion for leave to amend for lack of opposition and for the reasons stated in the moving briefs.

On April 18, 2011, Plaintiffs filed their Amended Complaint.  On May 9, 2011, Republic Bank and Mazuma each answered and filed counterclaims.  Republic Bank did not assert any affirmative defenses based on Rule 9(b).  Plaintiffs answered the counterclaims on June 2, 2011.  The parties then held an attorney planning meeting and stipulated to a Scheduling Order.  In the Attorney Planning Meeting report, the parties acknowledged that Plaintiffs allege "an elaborate fraud scheme based on the use of a particular end-of-lease provision contained in two equipment

finance lease agreements between Republic and Plaintiffs." The parties stipulated that discovery was necessary on each of Plaintiffs' fraud and breach allegations, including information relating to the "negotiation and formation of the lease agreements."

Following entry of the Scheduling Order, Republic Bank served its initial disclosures in which it identified numerous witnesses with information concerning the allegations in the Amended Complaint. Plaintiffs then served discovery requests on Republic Bank, seeking information relating to their fraud and conspiracy claims. One day before Republic Bank's discovery responses were due, Republic Bank filed the instant motion to dismiss for failure to plead the fraud claims with specificity. Republic Bank served its discovery responses the next day but refused to produce any documents, citing the pending motion to dismiss.

## II.  Factual Background

This case concerns a series of equipment lease agreements entered into between Unified Container and Anderson Dairy, on one side, and Mazuma, on the other. Mazuma assigned each of these leases to Republic Bank. The leases all contain an end-of-lease provision known in the industry as "Purchase, Return, or Renew" provisions, or "PRR provisions."

The PRR provision contains three end-of-term options: (1) the option for Plaintiff to purchase the equipment at a price that lessor and lessee agree to; (2) the option for lessee to return the equipment; and (3) the option for lessee to renew the lease for twelve additional months. If lessee does not elect an option or if lessee and lessor are unable to agree on the purchase price for the equipment, the lease agreement states that the term of the lease will be extended for twelve months.

Plaintiffs allege that Mazuma represented to them that they would be able to purchase the

equipment at the end of the initial term of the leases for between ten percent and fourteen percent of the equipment's original value. The Amended Complaint alleges that "[i]n August of 2007, after extensive negotiation, Mr. Ladle, [a Mazuma salesperson] represented to Ms. Sowers" Unified Container's representative that, among other things, (1) "Mazuma would lease the equipment in questions to Unified Container for a period of two (2) years for monthly payments of $27,984.89 for six months and $59,247 for the next eighteen months (total lease payments of $1,234,356.42)", (2) the "equipment that would be leased to Unified Container would have the approximate value of $1,218,323.00," and (3) "at the conclusion of the two-year term, Unified Container would be allowed to purchase the equipment for, at most, 10-12% of the fair market value of the equipment at the end of the lease term."

Unified Container alleges that it entered into the lease transaction based, in material part, on such representations by Mazuma. Additionally, Unified Container alleges that it performed under the lease agreement and built its business around the leased equipment based, in material part, on such representations.

Less than three weeks after Unified Container executed the lease agreement with Mazuma, Mazuma assigned the lease to Republic Bank pursuant to a "Sales and Assignment Agreement." The assignment was not limited to the twenty-four lease payments that Unified Container agreed to pay, but also included the additional continuation payments. Mazuma alleges that the Sales and Assignment Agreement demonstrates that Mazuma had no intention of honoring the end-of-lease purchase option provision in the PRR because Mazuma could only sell Republic Bank continuation lease payments if the lease automatically renewed.

The Amended Complaint further alleges that after Unified Container made the twenty-

four initial lease payments it agreed to pay, it sought to purchase the equipment for the pre-arranged sales price of 10-12%. However, Mazuma refused to sell the equipment for 10-12% of its fair market value and instead demanded that Mazuma pay the full alleged current value of the equipment, approximately $779,726.84. This purchase price added to the lease amounts Unified Container already paid would be $2,014,083 for equipment that was never worth more than $1.2 million and that was currently worth $779,000.

The Amended Complaint alleges similar facts with respect to the Anderson Dairy leases. The Amended Complaint alleges that in August of 2007, Ladle represented to Sowers that Mazuma would lease the equipment in question to Anderson Dairy for a period of three years for monthly payments of $18,830 for twelve months and $31,260 for the next twenty-four months, totaling $976,200 in lease payments, that the equipment's value was approximately $1 million, and that at the conclusion of the three-year term, Anderson Dairy would be allowed to purchase the equipment for between 10 and 14% of its residual value. The parties subsequently changed the term of the lease to twenty-four months. Mazuma then sold the lease to Republic Bank for an amount including the continuation payments even though Mazuma knew that Anderson Dairy intended to purchase the equipment at the conclusion of the initial term of the lease. At the end of the initial term of the lease, Mazuma refused to honor its representation that it would sell the equipment for between 10-14%. Again, the amount Mazuma demanded was so high it was excessive in relation to the actual value of the equipment.

Mazuma and Anderson Dairy entered into two additional leases relating to similar property and based upon similar representations. Mazuma then sold those leases to Republic Bank and refused to sell the property for a reasonable price at the end of the initial term of the

leases.

For all such leases, Plaintiffs allege that Mazuma and Republic Bank's actions are consistent with a general pattern and practice of fraud in which the lessee is fraudulently induced to enter into leases with promises regarding an agreed upon value for the purchase of the equipment at the end of the initial term of the lease when, in fact, there was no intention of allowing the purchase to take place.  Rather, Plaintiffs claim that both Defendants, as demonstrated by their own sale and assignment agreements, intended for the lessee to make the extended continuation payments.  In addition, Plaintiffs allege that Mazuma paid its sales representatives sales commissions at signing not only for the initial term of the leases but also for the extension payments that would result when Mazuma failed to negotiate a reasonable purchase price at the end of the initial term. These commissions also purport to demonstrate Mazuma's intention at the time of entering the leases.

In the civil conspiracy claim, Plaintiffs allege that Republic Bank and Mazuma have agreed to act in concert with respect to the use of PRR provisions in the leases negotiated by Mazuma and then assigned to Republic Bank to force the extension of the leases beyond the initial lease term.  Plaintiffs claim that Mazuma and Republic Bank had a meeting of the minds concerning the negotiation, administration, performance, and enforcement of the PRR provisions in the leases.  As such, these acts of civil conspiracy are alleged to be the proximate cause of Plaintiffs' injuries.

## DISCUSSION

Republic Bank moves to dismiss the civil conspiracy claim in Plaintiff's Amended Complaint for failure to plead the claim with specificity under Rule 9(b) of the Federal Rules of

Civil Procedure.  Republic Bank also moves under Rule 11 of the Federal Rules of Civil Procedure for sanctions against Plaintiffs and Plaintiffs' counsel for bringing the civil conspiracy claim.  While the civil conspiracy claim is also asserted against Defendant Mazuma Capital, Mazuma Capital has not moved for dismissal of the claim or for sanctions.  The court will address the motion to dismiss first because a denial of that motion could moot the Rule 11 motion for sanctions.

### Republic Bank's Motion to Dismiss

Republic Bank's motion to dismiss seeks only to dismiss the civil conspiracy claim alleged against it for failure to plead the claim with specificity under Rule 9(b) of the Federal Rules of Civil Procedure.   Plaintiffs first argue that Republic Bank's motion to dismiss is procedurally improper under Rule 9(b), relying on a court in this district that denied a motion to dismiss a conspiracy to defraud claim because the allegations "give defendants notice of the grounds upon which those claims rest."  *Lochhead v. Alcano*,  697 F. Supp. 406, 418 (D. Utah 1988).  Other courts have held that 9(b) requires fraud to be pleaded with sufficient particularity to permit "the person charged with fraud . . . [to] have a reasonable opportunity to answer the complaint and adequate information to frame a response." *Future Tech Int'l, Inc. v. Tae Il Media, Ltd.*, 944 F. Supp. 1538, 1571 (S.D. Fla. 1996).

The court agrees that Republic Bank's actions to date implicitly concede that the Amended Complaint contains sufficient allegations to allow it to Answer such allegations.  Republic Bank answered the Amended Complaint months before it filed this motion to dismiss.  Republic Bank did not mention Rule 9(b) in its Answer.  In addition, in its initial disclosures filed after its Answer, Republic Bank identified witnesses with information relating to the civil

conspiracy claim. While the rules do not specifically state that a party can waive a challenge under Rule 9(b), the rules serves little purpose when a party has already been capable of answering the claim and providing initial disclosures relevant to the claim. Plaintiffs ask the court to deny Republic Bank's motion to dismiss on purely procedural grounds. The court agrees that such a denial is probably appropriate and permissible. Nonetheless, the court will address the merits of the motion as well.

Rule 9(b) requires a party to state the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b). The Tenth Circuit has explained that a plaintiff must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Jensen v. America's Wholesale Lender*, 425 Fed. Appx. 761, 763 (10th Cir. 2011). "One of the primary reasons for Rule 9(b) and the characteristic that sets fraud claims apart from any other causes of action is that accusations of moral turpitude should not be lightly made. This consideration is especially relevant where, as here, plaintiff broadly accuses a number of defendants of intentional wrongdoing." *Lochhead v. Alacano*, 662 F. Supp. 230, 234 (D. Utah 1987). Rule 9(b), however, does not require "particularity to the degree so as to supplant general discovery methods." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1254 (10th Cir. 1997). And, while fraud must be pleaded with particularity, the rule specifically states that knowledge and intent may be pleaded generally. Fed. R. Civ. P. 9(b).

Republic Bank admits that the Amended Complaint alleges fraudulent representations that Mazuma made to Plaintiffs, but it claims that nowhere in the Amended Complaint do Plaintiffs allege that Republic Bank made any fraudulent representations to Plaintiffs. This

argument regarding direct fraudulent representations, however, appears to ignore the fact that the fraud claim is not directed at Republic Bank, only the civil conspiracy claim is alleged against Republic Bank.  Republic Bank is only moving to dismiss the civil conspiracy claim, not the fraud claim.  In the conspiracy claim, Republic Bank may be held liable for the fraudulent representations made by its co-conspirator even if Republic Bank did not itself make any false statements to Plaintiffs.  Although "conspiracy to defraud requires proof of the underlying fraud, it is not necessary that the underlying fraud have been committed by each member of the conspiracy." *Lawrence v. Intermountain, Inc.*, 243 P.3d 508, 513 n.4 (Utah Ct. App. 2011).  "[C]onspiracy to defraud may exist where fraud was committed by one actor, but other persons shared the intent to defraud." *Id.*  Therefore, the arguments as to whether Republic Bank made any fraudulent representations to Plaintiffs are irrelevant because no fraud claim is asserted against Republic Bank and without merit under the civil conspiracy claim.

    Next, Republic Bank contends that the allegations regarding civil conspiracy are vague and conclusory allegations that fail to meet Rule 9(b) standards.  "As a general rule, civil conspiracy is not one of the listed causes of action which must meet the requirements of Rule 9(b).  However, where the unlawful act underlying the civil conspiracy is a fraud-based tort, both the underlying tort and the conspiracy claim must be pleaded with particularity." *Zero Down Supply Chain Solutions, Inc. v. Global Transportation Solutions, Inc.*, 2008 U.S. Dist. LEXIS 84722, *27-28 (D. Utah Oct. 17, 2008).  The Utah Court of Appeals has also held that where a civil conspiracy is predicated on fraud, "the fraud must be pleaded with particularity, even though in this context the fraud is simply an element of the [civil conspiracy] claim rather than the claim itself." *Coroles v. Sabey*, 79 P.3d 974, 984 (Utah Ct. App. 2003).

Civil conspiracy requires a plaintiff to plead: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof." *Poh Inc. v. Webelhuth*, 2008 UT 89, ¶ 29; 201 P.3d 944. Republic Bank claims that although Plaintiffs allege that there was a meeting of the minds, they do not state when or where such an agreement was made, who at Republic Bank made the agreement, or the contents of the communications that led to the agreement.

However, accepting all of the well-pleaded facts as true, the Amended Complaint states a claim for civil conspiracy. The Amended Complaint in this case pleads that co-conspirator Mazuma committed acts of fraud. The acts of fraud are detailed and give the persons name and the date of the fraudulent statements. In addition, the Amended Complaint identifies the fraudulent acts that occurred at the end of the initial terms of each lease. The allegations of Mazuma's underlying fraud meet the requirements of Rule 9(b). Moreover, the court notes that Mazuma is not moving under Rule 9(b) to dismiss the claim against it and Republic Bank appears to admit that the Amended Complaint states a cause of action for fraud against Mazuma. Therefore, the issue is not whether the underlying fraud is pleaded with particularity, because it is. The issue is whether Plaintiffs have adequately pleaded a civil conspiracy between Republic Bank and Mazuma.

The Amended Complaint alleges that the civil conspiracy consisted of the following agreement: Mazuma would negotiate leases with a PRR provision, represent during the negotiations that the PRR provision would allow Plaintiffs to purchase the equipment at the end of the initial terms of the leases, and subsequently assign the lease to Republic Bank. Then, at

the end of the initial term of the lease, Republic Bank or Mazuma would disclaim Mazuma's earlier representations regarding purchase price, refuse to negotiate a reasonable purchase price, and force an extension of the lease payments.

Even though intent and knowledge are only required to be pleaded generally under Rule 9(b), Plaintiffs have alleged that the written sales and assignment agreements between Mazuma and Republic Bank demonstrate Mazuma and Republic Bank's intent and meeting of the minds, just weeks after the leases were entered into, to require Plaintiffs to extend the leases because the sales amount is based upon an extension of the lease even though negotiations for an end-of-lease purchase have not begun. The Amended Complaint identifies who entered into the Sales and Assignment agreement for Mazuma and Republic Bank and when they were entered into with respect to the Unified Container lease. Plaintiffs do not have the Sales and Assignment agreements relating to the Anderson Dairy leases but state that it was likely between the same individuals and entered into shortly after the leases were executed. Plaintiffs seek to gain copies of the specific agreements in discovery.

Republic Bank contends that Plaintiffs cannot show a meeting of the minds based only on the existence of the assignments because other courts have determined that such assignments do not demonstrate fraud. Magistrate Judge Wells has found that there is some value in the end-of term option for continued payments. *Republic Bank v. Ethos Environmental, Inc.*, 2011 WL 587772 (D. Utah Feb. 9, 2011) (Judge Wells). In that case, however, the court was looking at a sale-lease back agreement, there was no civil conspiracy or fraud claims, only breach of the covenant of good faith and fair dealing, and, most significantly, the case was at the summary judgment stage. In *TFG-Illinois LP v. United Maintenance, Inc.*, 2011 U.S. Dist. LEXIS 126116,

11

*50-51, Judge Stewart denied summary judgment on a fraudulent inducement claim because there was no representation that the property would be sold at a low price at the end of the lease, and the fact that the lease was sold to Republic for an amount based on extension payments only demonstrated that there was some value in the possible extension payments. Again, however, the case was at the summary judgment stage, and the facts differed from the facts in this case in that no representation regarding an end of lease purchase price was made. The court does not find these summary judgment cases helpful in a determination of whether Plaintiff's civil conspiracy claim was pleaded with sufficient particularity.

In *Lochhead v. Alcano*, this court noted that "behavior may imply an agreement to conspire where no formal agreement has been shown." 697 F. Supp. at 417. "[B]usiness behavior is admissible circumstantial evidence from which the fact finder may infer agreement." *Id.* This is consistent with Utah law which holds that "a court may look to the relationship of the parties and use reasonable inferences in determining whether a conspiracy existed" and that a "conspiracy may be inferred from circumstantial evidence, including the nature of the act done, the relations of the parties, and the interests of the alleged conspirators." *Lawrence*, 243 P.3d at 514 n.6.

The court concludes that Plaintiffs' Amended Complaint meets Rule 9(b) standards in setting out sufficient details with respect to the who, what, when, and how of an alleged civil conspiracy between Defendants to commit fraud against Plaintiffs. The Amended Complaint gives the specific representations made to Plaintiffs before they entered into the leases, the sale and assignment agreements Defendants entered into shortly after the leases which are based on extension payments, the failure to honor the prior representations regarding purchase price at the

end of the initial term of the lease, the lack of good faith in negotiating the purchase price at the end of the initial term of the lease, and the damages Plaintiffs incurred by having to pay the extension payments. Under Rule 9(b), Republic Bank's knowledge and intent need only be alleged generally. Moreover, at this pleading stage, the alleged conspiracy was apparently detailed enough to allow Republic Bank to answer and provide initial disclosures. The court concludes that the claim is sufficiently detailed to allow the parties to proceed to conducting discovery. Any discovery that Republic Bank has failed to provide based on the existence of its motion to dismiss shall be provided to Plaintiffs within 20 days of the date of this Memorandum Decision and Order. Any other discovery disputes will be handled by Magistrate Judge Wells under this court's prior order of reference. Accordingly, the court denies Republic Bank's motion to dismiss.

### Republic Bank's Motion for Rule 11 Sanctions

Because the court has determined that Republic Bank's motion to dismiss lacks merit, it also finds its motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure to be without merit. The court finds Republic Bank's Rule 11 motion more troubling than Plaintiffs' civil conspiracy claim. If the civil conspiracy claim was frivolous and warranting of Rule 11 sanctions solely for being brought, Republic Bank should have opposed Plaintiffs' motion to amend the complaint to add the claim. It did not. In addition, Republic Bank should have responded to the filing of the claim with a motion to dismiss and a Rule 11 motion before it answered the Amended Complaint. It did not. Moreover, even if Republic Bank had won the Rule 9(b) motion to dismiss, it would have resulted only in Plaintiffs being given an opportunity to amend their claim to add more specificity. Given the court's ruling on the motion to dismiss,

the court finds no basis for Republic Bank's Rule 11 motion.

The more difficult issue in connection with Republic Bank's Rule 11 motion is whether Plaintiffs' counsel should be awarded attorneys' fees for having to respond to the motion. The motion was clearly without merit, wasted court time and resources, and was an unnecessary cost to both parties' clients. The court, however, declines to award attorneys' fees for the motion. The court's only reason for not awarding fees is Republic Bank's change in counsel after Republic Bank answered the Amended Complaint and provided initial disclosures. New counsel apparently disagreed with prior counsel's handling of the case. But, had a single set of attorneys proceeded in this manner, the court would have awarded fees to Plaintiffs' counsel.

## CONCLUSION

For the reasons set forth above, Defendant Republic Bank's Motion to Dismiss Count 7 of Amended Complaint for Failing to Comply with Rule (b) is DENIED and Defendant Republic Bank's Motion for Rule 11 Sanctions Against Plaintiff and Parsons, Behle & Latimer Defendant Republic Bank's Motion to Dismiss is DENIED. Any discovery that has not been produced because of the pending motion to dismiss shall be produced within 20 days of the date of this Memorandum Decision and Order. Any other specific discovery issues will be handled by Magistrate Judge Wells.

DATED this 16th day of March, 2012.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge